Mr. Justice MacArthur
delivered the opinion of the court:
The question upon this motion is whether the court can take notice of the power of a notary public in the State of Maryland to administer an oath to an affidavit to be used in an action pending here without a certificate that he was duly qualified to act as such notary. By the statute law of Maryland a notary public can administer oaths, and a certificate under his notarial seal is sufficient evidence of his official acts. The jurat to the affidavit in this case is properly certified by him according to the Maryland Code, and it could be used in that State without any further evidence of his authority. It is authenticated by his signature and seal, and we are inclined to give it the same effect here. In this District a notary public may take affidavits to be used before any court or judge. The Revised Statutes, sec. 1778; enact that in all cases where oaths may be administered by justices of the peace, they may be made before any notary public in any State or Territory; and they are to have the same force and effect as if made before a justice of the peace. This relates to the instrument, in order to give the facts therein stated the weight of evidence; but there is no express requirement that the notarial certificate and seal are to be certified by any other official. When acknowledgments of deeds are made beyond the limits of the District, the certificate of the officer taking such acknowledgment is to be accompanied by the certificate of the clerk, register, &c., to the effect that at the date of the acknowledgment the person taking the same was in fact the officer he purported to be. But this is required by the express terms of the law, (Rev. Stats. D. C., sec. 443,) and the certificate in such case is made essential to the validity of the conveyance. No such requirement is made with regard to affidavits, unless they are made before an officer of whose authority to administer oaths the court cannot take notice. There is no other provision of our statutes requiring the certificate of a notary to be verified by any other than his owil seal, and when we have before us, as in the present case, the law of the State of Maryland, making the certificate of a notary under his seal sufficient evidence of his having administered an oath in his *478 official character, we think this court can also take notice that the affidavit was sworn to before a properly qualified officer.
The motion for judgment, notwithstanding the defendant’s plea, is granted.